[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2010
JOHN LEY
CLERK

No. 09-16489
Non-Argument Calendar
_____

D.C. Docket No. 08-10085-CV-JLK

AMICA MUTUAL INSURANCE CO.,

Plaintiff-Counter-Defendant-
Appellee,

versus

DAVID G. MOROWITZ,

Defendant-Cross-Claimant-
Appellant,

JOSE H. GUTIERREZ,

Defendant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 21, 2010)

Before EDMONDSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Amica Mutual Insurance Co. issued a Florida Boat Policy to David Morowitz. While fishing on his boat with Jose Gutierrez, a friend, Morowitz fell overboard and was injured by the boat's propeller. Morowitz filed suit against Gutierrez in Florida state court alleging that Gutierrez was operating the boat at the time and that his negligent operation caused Morowitz's injury. Amica brought this declaratory judgment action in federal district court seeking a determination that it had no obligation to provide coverage to Gutierrez for his potential liability to Morowitz. Morowitz filed an amended counterclaim against Amica seeking a determination that Amica's Boat Policy covered Gutierrez's potential liability. Amica filed a motion for summary judgment. The district court entered summary judgment in favor of Amica, concluding that the Boat Policy provided no coverage for Gutierrez's liability to Morowitz. Morowitz appeals.

The relevant language from the Policy provides: "We will pay for bodily injury, property damage or pollution damage an *insured* becomes legally obligated to pay because of the ownership, maintenance or use of the *boat*." (R.1-7, Ex. A, Boat Policy at 14) (emphasis in original). The Policy defines "you" and "your" as "the person named in the Declarations and spouse if a resident of the same household." (*Id* at 9.) In this case "you" means Morowitz. "Insured" is defined as "you, a *family member* and any other person or organization using the *boat* with your permission,

2

free of charge." (*Id.*). The Policy includes the following exclusions: "We do *not* provide liability coverage for: . . . others to cover their liability to you." (*Id*. at 15) (emphasis in original).

The issue presented on this appeal is the meaning of the term "others" as used in this exclusionary clause. Morowitz argues that the Policy defines "others" in the General Limitations and Exclusions section as anyone operating the boat for pay. (Appellant's Br. at 19.) And, because Gutierrez was using Morowitz's boat with permission free of charge, Gutierrez was an "insured" and a person cannot be both an "insured" and an "other." Morowitz also contends that the exclusionary clause is ambiguous and should be construed against Amica because it drafted the agreement. Amica counters that the Policy unambiguously excludes liability coverage for any liability Gutierrez may have to Morowitz. Basically, Amica contends that "others" means anyone other than the persons named in the Declarations – in this case Morowitz.

We assume for purposes of this appeal that Gutierrez was using Morowitz's boat with permission. Thus, we assume that Gutierrez is an "insured." But coverage for Gutierrez may be excluded even though he is an "insured." In the exclusions section, the Policy states: "We do *not* provide liability coverage for: . . . others to cover their liability to you." (R.1-7, Ex. A, Boat Policy at 15) (emphasis in original).

3

If Gutierrez is an "other," the Policy does not cover any liability he may have to Morowitz. On the other hand, if Gutierrez is not an "other," the Policy covers his liability to Morowitz.

On appeal, Morowitz contends that the General Limitations and Exclusions section of the Policy defines "others" as anyone operating the boat for pay. (Appellant's Br. at 19.) This argument is based upon a section entitled "Benefit to Others" that says "[n]o person or organization having custody of *your insured property* and being paid for services, shall benefit from this insurance." (R.1-7, Ex. A, Boat Policy at 11) (emphasis in original). Amica contends that Morowitz's agrument that the Policy defines "others" has been waived because Morowitz did not present that argument to the district court. And, Amica contends, the argument is meritless. We agree with both of Amica's contentions. In the district court, Morowitz argued that the term is "undefined," and as a result, is ambiguous. The argument that the term was defined has been waived, but the argument is also meritless. The General Limitations and Exclusion section is not intended to provide definitions of terms contained in the Policy. The Policy contains a Definitions section in which "others" is not defined. So, because the insurer chose to not define "[others,] the common definition of the term should prevail." *Auto-Owners Ins. Co. v. Above All Roofing, LLC*, 924 So. 2d 842, 847 (Fla. 2d DCA 2006) (citation omitted).

4

The district court held that the term "others" is not ambiguous, as used here, and clearly means anyone other than Morowitz. (R.3-74 at 11-12.) We agree with the district court's analysis and conclusion that the exclusion applies to Morowitz's claim against Gutierrez.

AFFIRMED.